QUESTION: Does Ch. 166, the Municipal Home Rule Powers Act, refer to and supersede s. 163.01, F.S., and thereby eliminate the requirement that municipalities submit interlocal agreements entered into pursuant thereto to the Department of Legal Affairs for approval and file such agreements with the appropriate circuit court clerk and the Department of Community Affairs?
SUMMARY: An interlocal agreement entered into pursuant to s.163.01, F.S., must be submitted to the Department of Legal Affairs for approval prior to and as a condition precedent to its entry into force; and, prior to its effectiveness, such an agreement must also be filed with the appropriate circuit court clerk and the Department of Community Affairs. Any interlocal agreement which involves the exercise of extraterritorial power by a municipality must be entered into pursuant to special or general law authority other than Ch. 166, F.S. The Municipal Home Rule Powers Act provides in pertinent part that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." Section 166.021(1), F.S. See City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974), in which the Florida Supreme Court emphasized the foregoing statutory language as the source of municipal home rule power. Applying that language to the instant inquiry, s. 163.01, F.S., the Interlocal Cooperation Act of 1969, authorizes municipalities and other public agencies, as therein defined, to enter into interlocal agreements for the joint exercise of any power, privilege, or authority which such agencies share in common and which each might exercise separately. However, agreements entered into pursuant to s. 163.01 must be submitted to the Department of Legal Affairs for approval prior to and as a condition precedent to their entry into force, s. 163.01(11); and, prior to their effectiveness, such agreements must also be filed with the appropriate circuit court clerk and the Department of Community Affairs. Section 163.01(12). Thus, within the context of the Municipal Home Rule Powers Act, I am of the opinion that s. 163.01(11) and (12), expressly prohibits municipalities from entering into interlocal agreements pursuant to s. 163.01 without obtaining the approval of the Department of Legal Affairs and without filing such agreements with the appropriate circuit court clerk and the Department of Community Affairs. As to the powers of municipalities to enter into interlocal agreements in the absence of authority other than Ch.166, F.S., it should be noted that Art. VIII, s. 2(c), State Const., provides in part that "exercise of extraterritorial powers by municipalities shall be as provided by general or special law"; and s. 166.021(3)(a) provides that municipalities shall have the power to enact legislation concerning any subject matter upon which the state may act, except, inter alia, the subject of "exercise of extraterritorial power which requires general or special law pursuant to s. 2(c), Art. VIII of the state constitution." Thus, in order to enter into an interlocal agreement which involves the exercise of extraterritorial power by it, a municipality must do so pursuant to a general or special law other than Ch. 166. See also Art. VIII, s. 4, State Const., as to transfer of powers.